Erica Sanchez, Of Counsel
Shefer Law Firm, P.A.
800 SE 4th. Ave #803
Hallandale Beach, Florida 33009
Telephone: (480) 866-1111
erica@shefer.legal
Arizona Bar #027107
Attorney for Respondent

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Marinne Silva,**<br>**Juan Pablo Ramirez-Becerra,**<br>　　Plaintiffs,<br>v.<br>**John Kramar,** USCIS Phoenix District Director and<br>**Kristi Noem,** Secretary of the Unite States Department of Homeland Security, in her official capacity,<br>　　**Defendants.** | Case No. 2:26-cv-00185-KML--CDB<br><br>A#246-032-892<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND REPLY TO RESPONSE TO MOTION FOR INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiffs respectfully file this Opposition To Defendants' Motion To Dismiss and Reply to Defendants' Response to their Motion for Inunction Relief [doc 9]. Plaintiff Juan Pablo Ramirez-Becerra remains in detention at the Florence Correctional Center in Florence, Arizona. The I-130 Petition for Alien Relative filed by Plaintiff Marinne Silva, the U.S. citizen wife of PlaintiffJuan Pablo Ramirez-Becerra, remains pending.

The "grant of an I-130 petition for immediate relative status is a nondiscretionary decision. Immediate relative status for an alien spouse is a right to which citizen applicants are entitled as long as the petitioner and spouse beneficiary meet the statutory and regulatory requirements for eligibility. This protected interest is entitled to the protections of due process." *Ching v. Mayorkas*, 723 F.3d 1149, 1155–56 (9th Cir. 2013).

# ARGUMENT

## I. Defendants' Motion To Dismiss Must Be Denied.

### A. The Standards For A Motion To Dismiss Under Rule 12(B)(6).

A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). In considering a motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). The showing needed to survive such a motion is low, as the complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in *Ashcroft* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's factual allegations "must . . . suggest that the claim has at least a plausible chance of success." *In re Century Aluminum Co. Sec. Litig., 729 F.3d 1104, 1107 (9th Cir. 2013),*1107. In other words, the complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (quotation marks omitted). All that is required "are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir. 1991). Indeed, though "'it may appear on the face of the pleadings that a recovery is very remote and unlikely . . . that is not the test.'" *Gilligan,* 108 F.3d at

249 (quoting *Scheur v. Rhodes,* 416 U.S. 232, 236 (1974)). "The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.*

Thus, "[i]t is axiomatic that a 'motion to dismiss for failure to state a claim is viewed with disfavor . . .'" *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). *Accord, Stapley v. Pestalozzi,* 733 F.3d 804, 809 (9th Cir. 2013).

Because of the "fact-intensive nature of the reasonableness determination, courts disagree on whether the TRAC factors should be analyzed to resolve a motion to dismiss." *Zargarian v. Oudkirk,* No. C24-2008, 2025 WL 1263531, at *6 (E.D. Cal. May 1, 2025) (*quoting Iqbal v. Blinken*, No. C23-1299, 2023 WL 7418353, at *7 (E.D. Cal. Nov. 9, 2023)). In *Zargarian*, a visa-refusal case, the court found that, at the motion-to-dismiss stage, "application of the TRAC factors would require the court to evaluate the reason for the delay and, at this early stage in the litigation, it can only do so by looking beyond the face of the complaint to assumptions and generalities rather than based upon a fact-specific inquiry." *Id.* at *7. Because the Ninth Circuit has yet to address this question, and the record has not been sufficiently developed here to enable full analysis of the TRAC factors, Plainiffs will not engage in a full TRAC analysis at this juncture.

**B.    Plaintiffs Have Stated A Claim Under Count One – The APA.**

The Administrative Procedures Act (APA) authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Under the APA, "a court has authority to compel an `unreasonably delayed' agency action, but `only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action.'" *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016); *Norton v. S. Utah Wilderness All.*, 542

U.S. 55, 64 (2004).

*Ching v. Mayorkas* establishes that U.S. citizen applicants have a due process right to the grant of a spouse's I-130 petition. As the Ninth Circuit has summarized, two conditions must be met for the Court to compel agency action: the agency (1) has "a clear, certain, and mandatory duty" and (2) it "has unreasonably delayed in performing such duty." *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021)). Here, Plainiffs have met those requirements.

First, the Plaintiffs sufficiently alleged that the Defendants have a "clear, nondiscretionary duty to adjudicate the Form I-130" filed by Plaintiff Marinne Silva on behalf of her husband, .Plaintiff Juan Pablo Ramirez-Becerra *See,* Dkt. No. 1 at 3. Under 8 U.S.C. § 1154(b), Defendants have a non-discretionary duty to adjudicate a properly filed Form I-130. The Ninth Circuit has explicitly recognized that petitioners have a 'legitimate claim of entitlement' and a 'protected property interest' in the adjudication of these petitions. *Ching v. Mayorkas*, 725 F.3d 1149, 1155-56 (9th Cir. 2013). Consequently, once a Form I-130 petition is submitted in compliance with regulatory requirements, Defendants lack the discretion to refuse adjudication or to delay it indefinitely.

The APA underlines the agency's obligation, providing that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

Second, as to whether the Agency has unreasonably delayed in performing its duty, the Complaint cited to 5 U.S.C. § 555(b), which requires each federal agency "within a reasonable time . . . to conclude a matter presented to it." Courts "in this and other

circuits have concluded that 'a reasonable time for agency action is typically counted in weeks or months, not years.'" *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022), *citing to Nat. Res. Def. Council, Inc. v. EPA*, 956 F.3d 1134, 1139 (9th Cir. 2020). Defendants

Accordingly, Plaintiffs have stated a viable claim under the APA and 5 U.S.C. § 706(1).

### C. Plaintiffs Have Stated A Claim Under Count Two – The Mandamus Act.

The Mandamus Act vests a district court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The All Writs Act further provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

A district court may issue a writ of mandamus only if: (1) plaintiff has a clear right to relief; (2) defendants have a clear duty to act, and (3) no other adequate remedy is available. *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003). Mandamus cannot be used to compel or review discretionary acts of governmental officials. *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983).

Here, there is no question that the "grant of an I-130 petition for immediate relative status is a nondiscretionary decision." *Ching v. Mayorkas*, 723 F.3d at 1155. Nor is it disputed that Defendants have a duty to act under 8 U.S.C. § 1154(b). And because Plaintiffs sufficiently alleged that they had no other adequate relief available, they have a clear right to relief. *See,* Dkt. No. 1 at 6.

## II. Plaintiffs' Have Met The Requirements For Injunctive Relief.

In order to obtain injunctive relief, Plaintiffs must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest" to receive a TRO or a preliminary injunction. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Here, Plaintiffs have met the *Winter* requirements.

**A. Plaintiffs Are Likely to Succeed on the Merits.**

The "grant of an I-130 petition for immediate relative status is a nondiscretionary decision. Immediate relative status for an alien [relative] is a right to which citizen applicants are entitled as long as the petitioner and [relative] beneficiary meet the statutory and regulatory requirements for eligibility. This protected interest is entitled to the protections of due process." *Ching v. Mayorkas*, 723 F.3d 1149, 1155–56 (9th Cir. 2013).

Defendants do not deny that a proper Form I-130 petition was submitted by Mr. Martinez. Granting that I-130 petition is a nondiscretionary decision. The APA requires agencies to process and adjudicate matters presented to them within a reasonable time. 5 U.S.C. § 555(b). Courts "in this and other circuits have concluded that 'a reasonable time for agency action is typically counted in weeks or months, not years.'" *Vaz v. Neal*, 33 F.4th at 1138. Thus, under the APA, Defendants' have a likelihood of success on the merits.[1]

---

[1] *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) reversed centuries of so-called "*Chevron* deference" and requires courts to now "exercise independent judgment in construing statutes administered by agencies." *Loper Bright*, 603 U.S. at 389. Thus, Defendants' argument that "the Court should acknowledge the 'wide discretion in the area of immigration processing' that Congress has given USCIS and should find that the procedure employed here by USCIS is reasonable", citing to *Skalka v. Kelly*, 246 F.Supp.3d 147, 153-54 (D.D.C. 2017)", is no longer viable.

Further, Defendants' ongoing failure to adjudicate the pending Form I-130 — including the failure to so much as respond to Plaintiffs' repeated inquiries requesting the status of the pending petition — justifies the issuance of a writ of mandamus.

**B. Plaintiffs Will Suffer Irreparable Harm Absent Injunctive Relief.**

Removal from the United States will separate the Plaintiffs and constitutes irreparable harm. *Padilla v. ICE*, 953 F.3d 1134, 1147 (9th Cir. 2020). Plaintiff Juan Pablo Ramirez-Becerra will be separated from his wife, US Citizen Plaintiff Marinne Silva.

More critically, removal would moot this Court's jurisdiction and prevent the Court from granting effective relief on Plaintiffs' mandamus and APA claims. Defendants contend that the I-130 petition will remain within a generalized processing range and that the "rule of reason" inquiry (considering the length of the delay and "whether the agency's response time ... is governed by an identifiable rationale") defeats Plaintiffs' arguments. *See, Khan v. Blinken,* No. C23-2814, 2024 WL 3446432, at *7 (E.D. Cal. July 17, 2024) (*quoting Poursohi v. Blinken,* No. C21-1960, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021)).

But Plaintiffs' complaint shows that the delay is outside "a rule of reason" processing. The complaint alleges that Defendants have not responded to repeated inquiries by Plaintiffs as to the status of their I-130 petition. *See,* Dkt. No. 1 at 4. Eventually, Plaintiff's submitted a Freedom of Information Act request on August 10, 2025 a FOIA, which only generated an automatic response that the petition was "within "normal" processing time according to USCIS "average" processing time. *See,* Dkt. No. 1 at 4. Defendants' failure to provide any individualized response to Plaintiffs' multiple inquiries is not a "rule of reason" nor is Defendants' repeated assertions that "this is just how long these things take."

Nor is there any adequate remedy at law for the harms which Plaintiffs will suffer. Mandamus is appropriate when an agency refuses to act because there is no alternate way to move a I-130 petition forward. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

### C. The Balance of Equities Strongly Favors Plaintiffs.

Plaintiffs seek only a temporary preservation of the *status quo*. Defendants suffer no cognizable harm from a brief delay in removal while the Court adjudicates this action.

By contrast, Plaintiffs face permanent separation and loss of judicial review absent injunctive relief.

### D. The equities and public interest favor Plaintiffs.

The third and fourth factors, "harm to the opposing party" and the "public interest," "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The public interest is served by ensuring that federal agencies comply with the law, adjudicate petitions in a timely manner, and do not defeat judicial review through delay. Preserving the integrity of the judicial process and preventing agency-created mootness serve the public interest.

## CONCLUSION

Plaintiffs respectfully request that the Court Issue a Temporary Restraining Order as requested in this case.

Dated: January 21, 2026

Attorney for Respondent

By: */s/ Erica Sanchez*
Erica Sanchez, Of Counsel
Shefer Law Firm, P.A.
800 SE 4th. Ave #803
Hallandale Beach, Florida 33009
Telephone: (480) 866-1111
erica@shefer.legal
Arizona Bar #027107