**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Marinne Silva, et al.,

Plaintiffs,

v.

John Kramar, et al.,

Defendants.

No. CV-26-00185-PHX-KML (CDB)

**ORDER**

Plaintiffs Marinne Silva and Juan Pablo Ramirez-Becerra believe USCIS has unlawfully delayed resolving an immigration petition. The delay at issue does not entitle plaintiffs to relief, and defendants' motion to dismiss the amended complaint is granted.

On July 26, 2024, Silva filed a Form I-130 Petition for Alien Relative on behalf of her husband, Ramirez-Becerra. (Doc. 1 at 3.) After that filing, plaintiffs repeatedly sought information from USCIS regarding the petition's status, but they were told "the application was within 'normal' processing time." (Doc. 1 at 4.) As of January 2026, Ramirez-Becerra was in removal proceedings and plaintiffs believe "[a]djustment of status . . . is the only relief for . . . Ramirez-Becerra not to be removed from the U.S." (Doc. 1 at 4.) Plaintiffs allege "[a]djudication of the Form I-130 is . . . a prerequisite to his lawful adjudication of adjustment of status." (Doc. 1 at 4.)

In January 2026, plaintiffs filed this suit asserting a claim for "unreasonable delay" under the Administrative Procedure Act and a mandamus claim under 28 U.S.C. § 1361. (Doc. 1 at 6-7.) Plaintiffs also filed a motion seeking a temporary restraining order. (Doc.

2.) Plaintiffs later filed an amended complaint that was titled "First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." (Doc. 7.) It appears that title was incorrect because plaintiffs do not actually seek a writ of habeas corpus. The amended complaint reasserts the APA and mandamus claims found in the original complaint and adds a due process claim. (Doc. 7 at 7.) Defendants responded to the amended complaint by filing a motion to dismiss arguing plaintiffs have not alleged an unreasonable delay. (Doc. 9 at 3-9.) According to defendants, the "average processing time nationwide for Form I-130 petitions is 60.5 months," and courts have found "delays of up to five years are not unreasonable." (Doc. 9 at 6.) Plaintiffs' reply argues a reasonable time should be measured in weeks or months, not years. (Doc. 10 at 5.) Plaintiffs do not dispute that the average processing time is 60.5 months.

Plaintiffs' APA and mandamus claims "are in essence the same," and because "there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022). That is the situation here, so the court need not analyze the mandamus request separately.

"Under the APA, a court may compel agency action [that is] unreasonably delayed." *Id.* (quoting 5 U.S.C. § 706(1)). To compel action, the agency must have "a clear, certain, and mandatory duty," and the agency must have "unreasonably delayed . . . performing such duty." *Id.* at 1136 (simplified). Defendants concede USCIS has a mandatory duty to adjudicate I-130 petitions within a "reasonable time." (Doc. 9 at 5.) The only issue is therefore whether the delay in this case has been "unreasonable."

"To determine whether an agency's delay is unreasonable under the APA, [a court] uses the *TRAC* factors—the six-factor balancing test announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("*TRAC*")." *Id.* at 1137. Those factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may

> supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'

*Id.* (simplified).

Plaintiffs cite *Zargarian v. Oudkirk*, No. C24-2008, 2025 WL 1263531, at *6 (E.D. Cal. May 1, 2025), for the proposition that "application of the *TRAC* factors would require the court to evaluate the reason for the delay and, at this early stage in the litigation, it can only do so by looking beyond the face of the complaint to assumptions and generalities rather than based upon a fact specific inquiry." *Id.* at *7. As a result, plaintiffs do "not engage in a full *TRAC* analysis." (Doc. 10 at 3.) Although it is true that some district courts have been hesitant to conduct the *TRAC* analysis early in the case, "[c]ourts in the Ninth Circuit routinely apply the *TRAC* factors at the motion-to-dismiss stage." *Kayiranga v. Mayorkas*, No. CV-24-02871-PHX-DWL, 2025 WL 4036696, at *8 (D. Ariz. Aug. 29, 2025). Doing so is consistent with the general requirement that a plaintiff "allege sufficient facts to create a plausible entitlement to relief." *Id.* In other words, provided the court accepts as true plaintiffs' allegations, there is no bar on considering the *TRAC* factors in the present procedural posture and plaintiffs should have responded fully to defendants' arguments. *See Vaz*, 33 F.4th at 1137-38 (noting plaintiff who presented "no developed argument that the [agency]'s delay was unreasonable under the *TRAC* balancing test" had "failed to raise a genuine dispute about whether the [agency]'s delay was unreasonable.").

Although the first *TRAC* factor is the most important one, *id.* at 1138, the first and second factors can be considered together and focus on the reasonableness of the delay. *See Joshua v. Jaddou*, Civ. No. 24-00667-JRR, 2025 WL 449001, at *8 (D. Md. Feb. 10,

2025). Neither factor favors plaintiffs here, where "[t]here is no statutory or regulatory timeframe within which USCIS must adjudicate Form I-130 petitions" and where the "adjudication of the [I-130] remains well within the . . . completion timeline for eighty percent of cases." *Salami v. Noam*, Civ. No. 25-405, 2025 WL 3240587, at *5 (M.D.N.C. Nov. 20, 2025). Further, "[t]hose courts that have considered the issue have unanimously held that USCIS's 'first in, first out' policy for adjudicating immigration applications like Plaintiff's qualifies as a 'rule of reason,' thus satisfying the first *TRAC* factor." *Verma v. U.S. Citizenship & Immigr. Servs.*, Civ. No. 20-3419 (RDM), 2020 WL 7495286, at *6 (D.D.C. Dec. 18, 2020) (collecting cases).

In contrast, the third and fifth factors support plaintiffs because they claim the delay is preventing them from obtaining immigration relief and the delay may result in Ramirez-Becerra's removal. But the court cannot conclude that support is anything more than weak given plaintiffs' failure to provide analysis opposing defendants' argument that adjudicating the I-130 petition will not impact Ramirez-Becerra's removal status or ability to apply for lawful permanent residency at a consulate if the petition is favorably adjudicated (*see* Docs. 9 at 7; 10 at 7). *See Vaz*, 33 F.4th at 1137-38; *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (simplified).

The fourth factor weighs against plaintiffs. USCIS has limited resources and millions of pending petitions. *Kiani v. U.S. Citizenship & Immigr. Servs.*, No. 8:24-CV-00422-JDE, 2024 WL 5275569, at *2 (C.D. Cal. Dec. 5, 2024) (USCIS adjudicates "approximately five to six million immigration-related petitions" each year). Many of those were received long before plaintiffs' petition and "if the Court were to grant the relief [plaintiffs] request[], that ruling would merely prioritize [their] Application over those of others who have not filed similar lawsuits." *Siwen Zhang v. Cissna*, No. CV 18-9696-MWF (JCX), 2019 WL 3241187, at *5 (C.D. Cal. Apr. 25, 2019). Granting plaintiffs relief when they have waited only two years likely "would be an improper intrusion on USCIS'

activities of higher or competing priorities." *Id.* Finally, the sixth factor weighs against plaintiffs as they do not allege any "impropriety" driving the delay.

Based on plaintiffs' allegations and the undisputed processing time for these petitions, plaintiffs have not established they are entitled to relief. Accordingly, their APA and mandamus claims fail. As for their due process claim, "procedural delays, such as routine processing delays, do not deprive aliens of a substantive liberty or property interest unless the aliens have a legitimate claim of entitlement to have their applications adjudicated within a specified time." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 666 (9th Cir. 2016) (simplified). Similar to the second *TRAC* factor, plaintiffs do not cite any requirement that their petition be adjudicated "within a specified time," so their due process claim fails too. *Id.*

Plaintiffs have not stated any plausible claims for relief, so their request for immediate injunctive relief is moot. *See HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 687 (9th Cir. 2019) ("Because the district court properly dismissed the [plaintiffs'] complaints for failure to state a claim, we dismiss as moot the appeals from the denial of preliminary injunctive relief.").

**IT IS ORDERED** the motion for temporary restraining order and preliminary injunction (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Dismiss (Doc. 9) is **GRANTED**. The amended complaint (Doc. 7) is **DISMISSED**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 24th day of August, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**